## Kronberger v. Rapid Transit Co., Appellant.

*Negligence—Street railways—Collision between car and wagon —Contributory negligence—Case for jury.*

Where the driver of a heavy team enters upon a street upon which an electric railway is operated, and looks and sees a car approaching a side street, some distance away, and apparently about to stop, he cannot be charged with contributory negligence in driv-

ing on the tracks, where it appears that the car did not in fact stop at the street, that the brakes of the car would not work, that the motorman was away from the controller, and that the car could have been stopped to prevent the collision which occurred, if the car had been properly operated and under control. In such case the question of the street railway company's negligence is for the jury.

Argued Oct 14, 1915. Appeal, No. 61, Oct. T., 1915, by defendant, from judgment of Municipal Court, Philadelphia Co., Nov. T., 1914, No. 704, on verdict for plaintiff in case of Peter Kronberger v. Philadelphia Rapid Transit Company. Before RICE, P. J., ORLADY, HEAD, PORTER, HENDERSON, KEPHART and TREXLER, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before BONNIWELL, J.

The facts are stated in the opinion of the Superior Court.

Verdict and judgment for plaintiff for $300.00. Defendant appealed.

*Error assigned* was in dismissing defendants motion for judgment n. o. v.

*Harold B. Beitler,* for appellant.—There was no proof of any negligence on the part of the defendant: Yingst v. Lebanon, Etc., Ry. Co., 167 Pa. 438; Moss v. Philadelphia Traction Co., 180 Pa. 389; Wagner v. Lehigh Traction Co., 212 Pa. 132.

The plaintiff was guilty of contributory negligence: Crumley v. Philadelphia Rapid Transit Co., 55 Pa. Superior Ct. 599; Pilgrim Laundry Co. v. Philadelphia Rapid Transit Co., 56 Pa. Superior Ct. 593; Mease v. United Traction Co., 208 Pa. 434.

*J. P. Hale Jenkins,* with him *Clarence Vanderslice,* for appellee.

OPINION BY HENDERSON, J., March 1, 1916:

The plaintiff was injured by the collision of a car of the defendant with a wagon on which he was riding. No witnesses were called for the defendant and the only assignments of error except to the action of the court in refusing to give binding instructions for the plaintiff and to enter judgment for the defendant non obstante veredicto. The plaintiff was employed by the Sunlight Oil and Gas Company and was driving a team attached to a wagon loaded with gasoline. He drove southwardly out of Paxon street on Woodland avenue along which the defendant operates a double track street railway line. Paxon street is between 51st and 52d streets and the car which collided with the wagon was moving westwardly. There is evidence that the driver looked for cars when he came onto Woodland avenue and that he looked when his team was at the track. He saw the car between 50th and 51st streets and as he approached the track the car was at the east side of 51st street and appeared to be about to stop for passengers. The wagon and team covered a space of about twenty feet and had gone so far across the track that the rear left wheel was struck by the car. A witness who was riding in the car testified that the car was not stopped at 51st street and did not diminish its speed from the time it left 50th street and that the brakes "wouldn't work"; that the power was not turned off and that the motorman jumped away from his controller. It is a reasonable conclusion that if the car had been under proper control its speed could have been slackened so that the accident would not have taken place. The view was not obstructed and the plaintiff undertook to cross when the car was at such a distance that it could have been stopped or its speed diminished under ordinary circumstances; but with the power on, the brakes not working properly and the motorman away from his controller the conditions were favorable for a collision. After a careful examination of the evidence we are unable to say that it is clear that the plaintiff was guilty

of contributory negligence. If the car was where he says it was when he undertook to cross it cannot be determined as a matter of law that he ought not to have attempted to drive over the track. It was not the case of a collision at the instant he entered upon the crossing; he had nearly cleared the track when the collision occurred. He might well assume that the car would stop or the speed be reduced at 51st street and if there had been either a stop or a slowing up at that street the accident would not have occurred. The question is whether it was so obviously perilous to cross in view of the usual movements of a car that the plaintiff should not have attempted so to do. We regard the case as one for the jury on this subject.

The judgment is affirmed.